UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MASK, | 1: 05 CV 01329  WMW HC |
| Petitioner, | |
| | MEMORANDUM OPINION AND ORDER RE PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| WARDEN M.S. EVANS, | ORDER DENYING CERTIFICATE OF APPEALABILITY |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.  Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

**PROCEDURAL HISTORY**

Petitioner was convicted by a jury in Tuolumne County Superior Court of possession of an illegal substance in a jail facility.   The court sentenced him to serve a term of  ten years in state prison.

Petitioner filed a timely appeal to the California Court of Appeal, Fifth Appellate District.  The Court of Appeal affirmed the judgment of conviction and true findings as to the special

allegations; the sentence was reversed and the matter remanded to trial court. Petitioner did not file a petition for review with the California Supreme Court.

Following resentencing proceedings, Petitioner again appealed to the Court of Appeal. The Court of Appeal affirmed the judgment.

Petitioner filed a petition for writ of habeas corpus with the Court of Appeal on June 3, 2003. The Court of Appeal denied the petition without prejudice on June 12, 2003.

On March 19, 2004, Petitioner filed a petition for writ of habeas corpus with the Tuolumne County Superior Court. The court denied the petition on April 12, 2004.

On June 16, 2004, Petitioner filed a habeas corpus petition with the Court of Appeal. The court denied the petition on July 22, 2004.

On August 16, 2004, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court. The court denied the petition on July 13, 2005.

Respondent admits that Petitioner has exhausted his state judicial remedies.

## LEGAL STANDARD

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Tuolumne County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable

to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

When the California Supreme Court's opinion is summary in nature, this court "looks through" that decision and presumes it adopted the reasoning of the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under § 2254(d)(1)).

While habeas corpus relief is an important instrument to assure that individuals are

constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

Ineffective Assistance of Counsel re Pretrial Investigation and Conduct of Trial

Petitioner contends that trial counsel was ineffective because she "made no pretrial investigation whatsoever," failed to access or review Petitioner's prison file to investigate his claims of harassment by correctional staff, and failed to "interview or call eyewitnesses to testify."

Although Petitioner presented this contention to all three levels of the state courts on petitions for writ of habeas corpus, the California Supreme Court the court denied the petition without commenting on this contention, the Court of Appeal denied the entire petition without comment, and the trial court denied the petition without addressing the merits.

When the California Supreme Court has summarily denied a claim without giving a rationale, this is considered a denial "on the merits," and is presumed to rest on grounds articulated by a lower court in its written opinion. Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S.Ct. 2590 (1991); Hunter v. Aispuro, 982 F.2d 344, 347-348 (9th Cir.1992), cert. denied, 510 U.S. 887, 114 S.Ct. 240, (1993). A reviewing court may then "look through" the unexplained summary denial, and apply the deferential standard of 28 U.S.C. § 2254(d), to the lower state court's reasoned decision. However, when there is no state court decision articulating a rationale, a reviewing court "has no basis other than the record" for determining whether the state court decision merits deference under 28 U.S.C. § 2254(d)(1). Delgado, 223 F.3d at 981-82. In such circumstances, a reviewing court can still apply the "objectively reasonable" standard of Williams to the state court decision. This does not mean de

novo review by the federal court, but rather "an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law." Thomas v. Hubbard, 273 F.3d 1164, 1170 (9th Cir.2001); Bailey, 263 F.3d at 1028; Delgado, 223 F.3d at 982.

The law governing ineffective assistance of counsel claims is clearly established for the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d). Canales v. Roe, 151 F.3d 1226, 1229 (9th Cir. 1998.)  In a petition for writ of habeas corpus alleging ineffective assistance of counsel, the court must consider two factors. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994).  First, the petitioner must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687.  The petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were not the result of reasonable professional judgment considering the circumstances. Id. at 688; United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995).  Judicial scrutiny of counsel's performance is highly deferential.  A court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir.1994).

Second, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result ... would have been different," 466 U.S., at 694. Petitioner must show that counsel's errors were so egregious as to deprive defendant of a fair trial, one whose result is reliable. Strickland, 466 U.S. at 688.  The court must evaluate whether the entire trial was fundamentally unfair or unreliable because of counsel's ineffectiveness.  Id.; Quintero-Barraza, 78 F.3d at 1345; United States v. Palomba, 31 F.3d 1356, 1461 (9th Cir. 1994).

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. Strickland, 466 U.S. 668, 697, 104 S.Ct. 2052, 2074 (1984).  Since the defendant must affirmatively prove prejudice, any deficiency that does not result in prejudice must necessarily fail. However, there are certain instances

which are legally presumed to result in prejudice, e.g., where there has been an actual or constructive denial of the assistance of counsel or where the State has interfered with counsel's assistance. See Strickland, 466 U.S. at 692; United States v. Cronic, 466 U.S., at 659, and n. 25, 104 S.Ct., at 2046-2047, and n. 25 (1984).

Ineffective assistance of counsel claims are analyzed under the "unreasonable application" prong of Williams v. Taylor, 529 U.S. 362 (2000). Weighall v. Middle, 215 F.3d 1058, 1062 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [United States Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. The habeas corpus applicant bears the burden to show that the state court applied United States Supreme Court precedent in an objectively unreasonable manner. Price v. Vincent, 538 U.S. 634, 640 (2003).

Petitioner's claims that trial counsel failed to investigate were inquired into by the trial court in connection with Petitioner's Marsden motion heard on November 16, 1999. After reviewing the record, this court finds that the trial court's inquiry and counsel's response show that counsel did in fact conduct a pretrial investigation and did investigate Petitioner's claims of harassment by correctional staff, but concluded that many of Petitioner's requests were irrelevant or damaging to his case. The court finds, therefore, that Petitioner has failed to demonstrate any deficiency in regard to Petitioner's performance on these issues.

In regard to witnesses, Petitioner complains that defense counsel did not call two of his fellow inmates, whose credibility would have been questionable. Petitioner himself admits in his petition that "it is unknown what impact their testimony may have had on the jury." A decision not to call a witness based on sound trial strategy is not ineffectiveness. United States v. Murray, 751 F.2d 1528, 1535 (9th Cir. 1985); see Gustave v. United States, 627 F.2d 901, 904 (9th Cir.1980) ("[m]ere criticism of a tactic or strategy is not in itself sufficient to support a charge of inadequate representation"). Again, the court must find that Petitioner has failed to demonstrate any deficiency in regard to Petitioner's performance in regard to this claim.

In light of the above, the court concludes that Petitioner has failed to carry his burden of

showing that the state court's decision involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States. Accordingly, this contention provides no basis for habeas corpus relief.

Ineffective Assistance of Counsel and Conflict of Interest

Petitioner contends that trial counsel was prejudiced against Petitioner due to allegedly threaten[ing] to break her jaw, and that in an "act of revenge," trial counsel misadvised the court on sentencing matters and asked the court to keep Petitioner in restraints during the trial.

As with Petitioner's first contention, Petitioner presented this contention to the California Supreme Court, whose silent denial constitutes an adjudication on the merits entitled to deference under the AEDPA. Delgado v.Lewis, 223 F.3d at 982.

"To establish a sixth amendment violation based on a conflict of interest, a defendant must show that (1) that counsel actively represented conflicting interests, and (2) that an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U.S. 335, 350 (1980). Petitioner must prove an actual conflict "through a factual showing on the record." Morris v. California, 966 F.2d 448, 455 (9th Cir. 1992). An alleged lack of belief in one's client and doubts about the client's veracity do not create conflicts of interest. United States v. Foreman, 323 F.3d 498, 505 (6th Cir. 2003).

On the date set for trial, the prosecutor advised the court that the bailiff indicated that a safety concern had arisen during a recess. The bailiff was called to testify after he indicated to the court that he felt Petitioner should be placed in waist restraints as to both hands.[1] When asked the basis for his request, the bailiff stated, "When we took the last recess, [Petitioner] said that his attorney had took a paper away from him, snatched it away from him, and that caused him to be angry and he had thoughts about breaking her jaw." When asked whether she wanted to address the issue, defense counsel initially indicated that she did not. The hearing then proceeded as follows:

> THE COURT: All right. Very well. The Court finds a manifest need to have [Petitioner] in full restraints. Those restraints will be covered up so the jury cannot see them.

---

[1] Petitioner had been restrained earlier, however, he was allowed to have his writing hand remain free.

1     DEFENSE COUNSEL: Actually, excuse me. Maybe I have a conflict with him in not asking
2     any questions. I wonder if another defense attorney should take over this aspect of the trial,
3     just in terms of whether he should be in restraints. Obviously, since he has threatened my
4     safety, I would like him in those restraints.
5        But he also has some rights and I don't want his trial rights to be affected by my fear of
6     him or my fear he might harm me.
7        And maybe another attorney should address this issue.
8     THE COURT: Well, I have made my ruling based on Sergeant Calhoun's testimony. We will
9     proceed.
10    THE DEFENDANT: Your Honor, she ain't got to worry about me doing any physical to her.
11    I am not even like that. [sic]
12    I just said when she first did it that it flashed in my mind. Like I told her back there, my mom
13    never talked to me like that. Even these folks don't talk to me like that, you know what I am
14    saying. It's all respect. She disrespected me, belittled me.
15    THE COURT: All right.
16    THE DEFENDANT: See, like I told here before, she never got to worry about me harming a
17    woman. How would I look harming a woman?
18    THE COURT: Well,  . . .  assuming that everything you just told me is true, I am not
19    going to take that chance.
20    THE DEFENDANT: All right.
21        As set forth above, the record refutes Petitioner's claim that defense counsel sought to have
22 him shackled during the trial. It was the bailiff, not defense counsel, who sought to have Petitioner
23 shackled. Further, defense counsel is not ineffective for failing to object to shackling where the
24 shackles were properly imposed. <u>Zeitvogel v. Delo</u>, 84 F.3d 276, 283 (8th Cir. 1996). The court finds,
25 therefore, that Petitioner has failed to demonstrate the existence of an actual conflict of interest.
26 Thus, the court must conclude that Petitioner has failed to carry his burden of demonstrating that the
27 state court's  adjudication of the claim resulted in a decision that involved an unreasonable
28 application of clearly established Federal law, as determined by the Supreme Court of the United

States.

Blakely Error

Petitioner contends that under Blakely v. Washington, 542 U.S. 296, (2004), the trial court erred by imposing the "upper term" and thereafter imposing four consecutive enhancements, and thereby violated his rights under the Fifth, Sixth and Fourteenth Amendments.

In Cunningham v. California, 127 S.Ct. 856 (2007), the Court held that held that California's determinate sentencing law, which authorized the judge, not the jury, to find facts exposing a defendant to an elevated upper term sentence violated the defendant's Sixth and Fourteenth Amendment rights to trial by jury. The Court explained, "the Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." Id. at 859. In support, the Court cited Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000); Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428 (2002); Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531(2004); and United States v. Booker, 543 U.S.[2]  In reaching this conclusion, the Court rejected the decision in People v. Black, 35 Cal.4th 1238, 29 Cal.Rptr.3d 740 (2005), in which the California Supreme Court found that California's upper term determinate sentencing law procedure was constitutional under Apprendi, Blakely, and Booker.

In the present case, Petitioner admitted all priors alleged in the information on November 17, 1999, before the jury was impaneled. Following remand for resentencing, Petitioner was sentenced to serve a ten-year prison term. The sentence consisted of a three-year midterm for count one, doubled

---

[2] In Cunningham, 127 S.Ct. at 857, the Court explained:

In Apprendi v. New Jersey, this Court held that, under the Sixth Amendment, any fact (other than a prior conviction) that exposes a defendant to a sentence in excess of the relevant statutory maximum must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence. See 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435. The Court has applied the rule of Apprendi to facts subjecting a defendant to the death penalty, Ring v. Arizona, 536 U.S. 584, 602, 609, 122 S.Ct. 2428, 153 L.Ed.2d 556, facts permitting a sentence in excess of the "standard range" under Washington's Sentencing Reform Act (Reform Act), Blakely v. Washington, 542 U.S. 296, 304-305, 124 S.Ct. 2531, 159 L.Ed.2d 403, and facts triggering a sentence range elevation under the then-mandatory Federal Sentencing Guidelines, United States v. Booker, 543 U.S. 220, 243-244, 125 S.Ct. 738, 160 L.Ed.2d 621.

1  to six years pursuant to section 667(b) through (I), and four one-year terms imposed pursuant to
2  section 667.5(b).   Therefore, Petitioner was not sentenced to the upper term on count one.  Thus, his
3  <u>Blakeley</u> claim is without merit.
4         Further, in <u>People v. Black</u>, which was vacated on another ground in <u>Cunningham</u>, the
5  California Supreme Court found that <u>Blakeley</u> is inapplicable to the decision whether to run
6  individual sentences consecutively or concurrently.  Further, as Respondent argues, the consecutive
7  enhancements were all based on Petitioner's own admissions to the enhancement allegations.  Under
8  California law, Petitioner had the right to have a jury find all these allegations to be true beyond a
9  reasonable doubt.   Having declined that right, Petitioner cannot now complain that he was deprived
10 of a jury trial.
11        The court concludes, therefore, that Petitioner has failed to carry his burden and that this
12 contention presents no basis for habeas corpus relief.

14          Petitioner may seek to appeal from the judgment of the court in this case.  Petitioner
15 cannot proceed on such an appeal absent a certificate of appealability.  The controlling statute, 28
16 U.S.C. § 2253, provides as follows:

>   (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>   (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>   (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>   (B) the final order in a proceeding under section 2255.
>   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>   (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

26        In the present case, the court finds no denial of a constitutional right.  Accordingly, a
27 certificate of appealability will be denied.

1    In light of the foregoing, IT IS HEREBY ORDERED as follows:

2  1) The petition for writ of habeas corpus is DENIED;

3  2) A certificate of appealability is DENIED;

4  3) The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:   April 17, 2008**               /s/  William M. Wunderlich
                                          UNITED STATES MAGISTRATE JUDGE